UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

IVAN GIBSON,

                      Petitioner,

vs.                                                   Case No.  5:10-cv-325-Oc-10PRL

WARDEN, FCC COLEMAN - MEDIUM,

                      Respondent.

_____

**<u>OPINION AND ORDER</u>**

Petitioner Ivan Gibson, a federal prisoner incarcerated at the Federal Correctional Complex, located in Coleman, Florida, initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition).  Petitioner submitted a Memorandum of Law in Support of the Petition (Doc. #2, Memorandum).  The Petition attacks the validity of Petitioner's plea-based conviction entered by Southern District of Florida in case number 9:04-cr-80053-DTKH on two counts: (1) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and, (2) possession of cocaine in violation of 21 U.S.C. § 844.[1]  Petition at 1; Memorandum at 2. Pursuant to 18 U.S.C. § 944(e)(1), Petitioner was sentenced as a armed career criminal to 180 month term of imprisonment on count 1 and a concurrent term of imprisonment on count 2.  Doc. #9-3 at 3. Petitioner seeks relief on the basis that the "act for which [he] was convicted is no longer considered a crime."  Id.  In particular, Petitioner argues that based upon the Supreme

_____

[1]Petitioner's conviction and sentence were affirmed on direct appeal.  <u>United States v. Gibson</u>, 149 F. App'x 931 (11th Cir. 2005).  Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 was denied by the Southern District.  <u>See</u> Case Number 07-cv-80007, Southern District of Florida (Doc. #28).

Court's decision in <u>Johnson v. United States</u>, 559 U.S. 133, 130 S.Ct. 1265 (2010), his predicate prior offense of battery on a law enforcement officer no longer qualifies as a "crime of violence" for purposes of the Armed Career Criminal Act.  <u>Id.</u> at 5.  Thus, Petitioner contends he "is entitled to immediate resentencing, without attribution of the career offender enhancement."  <u>Id.</u>

Respondent filed a Response to the Petition seeking dismissal of the Petition (Doc. #9, Response) and submitted exhibits in support of his Response (Doc. #9-1, Exhs. A-M). Petitioner filed a Reply to the Response (Doc. #10, Reply).  The Court finds the Petition should be dismissed.

Title 28 U.S.C. § 2241 provides a means for a prisoner to challenge the <u>execution</u> of his sentence.  Here, Petitioner is challenging the validity of his conviction and 180-month sentence.  Thus, the Court must first determine whether Petitioner is entitled to relief under § 2241.

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." <u>Darby v. Hawk-Sawyer</u>, 405 F.3d 942, 944-45 (11th Cir. 2005)(<i>per curiam</i>). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate court of appeals prior to filing a successive petition.  <u>Id.</u> (citing <u>In re Blackshire</u>, 98 F.3d 1293, 1293 (11th Cir. 1996); <u>see</u> <u>also</u> 28 U.S.C. § 2244(b)(3)(A).   Additionally, § 2255 motions must be brought in the district court of conviction and are subject to a one-year statute of limitations. <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f).

It is clear that Petitioner no longer has any remedies available under § 2255, so he files the Petition under § 2241.  According to Eleventh Circuit precedent, the circumstances

under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances that come within the "savings clause" of § 2255. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). A prisoner may not use the savings clause simply to circumvent the restrictions on filing a second or successive § 2255 motion. Id. Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised.

Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)(quoting Wofford, 177 F.3d at 1244). A petitioner must meet each element of this test. Dean v. MacFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

Here, Petitioner is not entitled to relief under § 2241 because he does not satisfy the Wofford requirements. At the outset, Petitioner can not demonstrate that Johnson is retroactive and the Court finds otherwise.[2] "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal quotation marks omitted); In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000) ("For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review."). An examination of the Court's opinion in Johnson does not reveal that it was made retroactive to cases on collateral review. Johnson does not use the word "retroactive," let alone discuss application to cases on collateral review. See In re Patterson, Case No. 10-13445-D, 2010 U.S. App. LEXIS

_____

[2]The Court rejects the government's position that Johnson applies retroactively. Response at 11.

26606, at *3 (11th Cir. Aug. 12, 2010) ("In <u>Johnson</u>, the Supreme Court did not discuss the applicability of its ruling as to retroactivity on collateral review and, thus, did not explicitly make the case retroactive on collateral review."). <u>See</u> <u>also</u> <u>Hodges v. Warden</u>, FCC Coleman USP I, Case No. 5:10-cv-369-Oc-10TBS, 2012 WL 1094070 at *3 (M.D. Fla. April 2, 2012)(finding <u>Johnson</u> not retroactive); <u>Kilgore v. United States</u>, Case No. 8:10-cv-1973-T-24TBM, 2012 WL 2087415 at *1 (M.D. Fla. June 8, 2012); <u>Hill v. United States</u>, Case No. 3:11-cv-196-J-37TEM, 2011 WL 1110057 at *4 (April 3, 2012)(finding <u>Johnson</u> not retroactive); <u>Berryhill v. United States</u>, Case No. 8:11-cv-444-T-30MAP, 2011 WL 4502064 at *1 (M.D. Fla. Sept. 28, 2011)(finding the <u>Johnson</u> case "a case of statutory interpretation, not a creation of a new right."); <u>Jackson v. United States</u>, Case No. 8:10-cv-2000-T-27TBM, 2011 WL 4005291 at *7 (M.D. Fla. Sept. 8, 2011)(finding no binding precedent to apply <u>Johnson</u> retroactively); <u>Crawford v. United States</u>, Case No. 8:11-cv-1866-T-30TGW, 2011 WL 3702664 at *2 (M.D. Fla. Aug. 23, 2011)(finding no statement from the Supreme Court and no binding Eleventh Circuit precedent requiring retroactive application); <u>Rogers v. United States</u>, Case No. 8:10-cv-1873-T-27EAJ, 2011 WL 3625623 at *2 (M.D. Fla. Aug. 17, 2011)(same); <u>Hires v. United States</u>, Case No. 8:11-Cv-388-T-30TGW, 2011 WL 3566701 at *2 (M.D. Fla. Aug. 12, 2011)(finding "<u>Johnson</u> did not recognize a new right."); <u>McGowan v. United States</u>, Case No. 8:10-CV-2526-T-30EAJ, 2011 WL 2470168 at *2 (M.D. Fla. June 21, 2011)(stating "[n]othing in the <u>Johnson</u> decision indicates that the Supreme Court intended for the holding to apply retroactively."); <u>Tarver v. United States</u>, Case No. 8:10–CV–2529–T–30MAP, 2011 WL 2970089 at *2 (M.D. Fla. June 20, 2011)(same).  Since the Court concludes that <u>Johnson</u> is not retroactive, Petitioner cannot meet the first prong of <u>Wofford</u>.

Additionally, even if Petitioner can show that <u>Johnson</u> is retroactive to "open the portal" to a § 2241 proceeding, the petitioner must still demonstrate "actual innocence." <u>Wofford</u>, 177 F.3d at 1244, n. 3 (citing <u>Bousely v. United States</u>, 523 U.S. 614, 623 (1998)("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).  Petitioner does not contend that he is innocent of the offenses for which he stands convicted and incarcerated; he argues that he is "innocent" of one of the underlying predicate offenses that affected his sentencing due to an intervening change of law.  <u>See</u> <u>McKay v. United States</u>, 657 F. 3d 1190, 1197-99 (11th Cir. 2011); <u>Edwards v. Warden, FCC Coleman—Medium</u>, 432 F. App'x 897, 899 (11th Cir. 2011)("There is no precedent in this circuit for applying the savings clause to sentence claims.").

In the alternative, the Court finds that Petitioner has failed to demonstrate that his underlying offense for battery on a law enforcement officer does not qualify as a violent crime.  In <u>Johnson</u>, the Supreme Court considered whether the Florida felony battery offense under Fla. Stat. § 784.03(1)(a), (2) (2003) was a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  The Supreme Court determined that in order for a crime to be a violent felony, it must involve "violent force," further defined by the Court as "force capable of causing physical pain or injury to another."  <u>Johnson</u>, 130 S. Ct. at 1271.  The <u>Johnson</u> Court concluded that because criminal liability under § 748.03(1)(a) is satisfied by any intentional physical contact, no matter how slight, that crime does not have the use of physical force as an element, as required by the ACCA definition of "violent felony." <u>Johnson</u>, 130 S. Ct. at 1269-71.  The Court, however, did not consider whether the offense qualified as a violent felony under ACCA's residual clause. <u>Id.</u> at 1271.

Here, the presentence investigation report ("PSI") set forth the facts in support of the underlying charge of battery on a law enforcement officer.  The Court may "look outside of the offense of conviction to the conduct surrounding the conviction" and consider the undisputed statements in a PSI in making factual findings as to whether an offense is a crime of violence.  U.S. v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009).  In Petitioner's case, the PSI indicates that Petitioner "struck" a law enforcement officer in the chest "several times" during an altercation to avoid arrest.  See PSI at 14, ¶45.  Because Petitioner did not object to the PSI's description of the facts underlying his convictions, those facts are deemed admitted.  Id. at 844.   Thus, the Court finds that the Petitioner's prior conviction did not involve a "slight" touching that the Johnson court found not to qualify as a crime of violence.  Instead, this conduct clearly "presents a serious potential risk of physical injury to another" as provided in the residual clause.

Further, simultaneously with being charged with Battery of Law Enforcement Officer in violation of Fla. Stat. § 784.07(2)(b), Petitioner was also charged with Resisting Arrest With Violence in violation of Fla. Stat. § 843.01.  Exh. M.  In the wake of Johnson, the Eleventh Circuit has held multiple times that § 843.01 falls squarely within the residual clause and constitutes a violent felony for purposes of the ACCA.  See, e.g., United States v. Nix, 628 F.3d 1341 (11th Cir. 2010), cert. denied, ___ U.S. ___, 132 S.Ct. 258, 181 L.Ed.2d 150 (2011); United States v. Hayes, 409 F. App'x 277 (11th Cir. 2010), cert. denied, ___ U.S. ___, 132 S.Ct. 125, 181 L.Ed.2d 47 (2011).   Relying on both "common-sense analysis," and the "plain language of the statute," the court found that "[c]ommission of the crime requires . . . that the defendant have knowingly and willfully resisted, obstructed, or opposed an officer by offering or doing violence to the person of

that officer." <u>Hayes</u>, 409 F. App'x at 279 (internal citations omitted) (emphasis in original). <u>See</u> <u>also</u>, <u>United States v. Canty</u>, 431 F. App'x 826 (11th Cir. 2011), <u>cert. denied</u>, ___ U.S. ___, 132 S.Ct. 532, 181 L.Ed.2d 373 (2011)(finding that § 843.01 falls squarely within the ACCA's residual clause).

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED**:

1.    The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED.**

2.    The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Ocala, Florida, on this 25th day of March, 2013.

UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record